UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREGORY PAUL VIOLETTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MR. CAPETTI, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 20-40048-TSH |
| GREGORY PAUL VIOLETTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. FANDRYER, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 20-40049-TSH |

## ORDER OF DISMISSAL
### May 4, 2020

**HILLMAN, D.J.**

*Pro se* litigant Gregory Paul Violette, who is confined at FMC Devens, has filed two complaints in which he alleges that two different prison officials at FMC Devens violated his civil rights by yelling at him. The Court has reviewed the complaints pursuant to 28 U.S.C. § 1915A. This statute requires the Court to dismiss a prisoner complaint against a government entity or employee if the complaint is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 § 1915A. Applying this standard, the Court will dismiss both actions for failure to state a claim upon which relief may be granted.

In *Violette v. Capetti*, C.A. No. 20-40048-TSH, Violette's statement of his claim consists of the following: "Mr. Capetti yelled at me for walking the hallway of the din[]ing room saying I was working out but I was not I was just walking saying my Rosary. He has caused my mental illness to get worse and increase in meds." C.A. No. 20-40048-TSH, Compl. at 4. Similarly, in *Violette v. Fandryer*, C.A. No. 20-40049-TSH, Violette's factual allegations consist of the following: "Dr. Fandryer yelled at me causing my mental illness to get worse and causing me to increase my meds." C.A. No. 20-40049-TSH, Compl. at 4. In both cases, Violette (1) names as defendants the individual who allegedly yelled at him, the United States Bureau of Prisons ("BOP") and the United States Department of Justice ("DOJ") as defendants; (2) invokes the Court's federal question jurisdiction and states that his claim is one for civil rights; and (3) seeks $2 million in punitive damages and $2 million in exemplary damages.

Neither complaint states a claim upon which relief may be granted. Treating Violette's allegations as true, he does not allege any facts from which the Court can reasonably infer that his civil rights were violated. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F3d 409, 423-24 (7th Cir. 2020); *cf. McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling [by a prison guard] usually are not actionable under § 1983.") Regardless of the negative emotional and medical effects the alleged verbal harassment may have had on Violette, the purported conduct of Capetti and Fandryer rises only to the level of simple verbal harassment.

Further, nothing in the complaints suggest that the BOP or the DOJ could be held liable on a theory of direct or vicarious liability, even if Violette had satisfied the administrative claim

requirements of the Federal Tort Claims Act.[1]

In accordance with the foregoing, the Court orders that these two actions be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The motions for leave to proceed *in forma pauperis* shall be terminated as moot and no filing fees shall be assessed.[2]

**So Ordered.**

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

---

[1] The United States (including its various departments) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") **Error! Main Document Only.**provides a right of action against the United States for certain injuries caused by the wrongful acts of government employees while acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the appropriate Federal agency; and (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim. 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional, and it must be completed before a plaintiff files a claim under the FTCA in federal court. *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006).

[2] The Court warns Violette that prisoners who file three or more cases that are dismissed as malicious, frivolous, or fail to state a claim upon which relief may be granted risk losing the ability to proceed *in forma pauperis* while incarcerated:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision does not apply to habeas actions. *See Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997).